The Trustees of the Catholic Church in Taylorsville *vs* Offutt's Administrators, &c.

CHANCERY.

ERROR TO THE SPENCER CIRCUIT.

*Case* 118.

*Wills. Devises. Legacies.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

*June.* 95.

Z. B. OFFUTT of Taylorsville died, having first made his nun-cupative will, which was written out in the following words, not signed but admitted to record : "In the name of God, Amen, I, Zephaniah B. Offutt, being very feeble but of sound mind, do make this my last will and testament : 1st. I bequeath to my beloved wife all my *moneyed estate,* and all the *negroes* which I received with her, and their increase during her lifetime, and to dispose of them as she may think proper. Also all my wearing apparal ; I will and bequeath five hundred dollars to the Catholic church, I will and bequeath to the

The will of Offutt.

The testator made a nuncupative will, in which these words were used: "I bequeath to my beloved wife all my *moneyed estate*, and all the negroes which I received with her, &c." The testator owned no lands, but was a money lender, had cash notes for moneys lent and had some slaves— Held that his *moneyed estate* embraced his money, cash notes, and securities for money.

O. devised to the Catholic Church $500, to the Baptist, Presbyterian, and Methodist Churches, each, $100— Held that as there was a church of each denomination named, in the village of the residence of the testator, that they were the objects of the testator's bounty, and took legacy.

Baptist Church, Presbyterian and Methodist churches, subject to usury, if plead by the persons the debts are coming from, one hundred dollars each. I leave my beloved wife executrix with one or two others whom she may select. The balance of my slaves to be subject to my wife, and if she cannot manage them, she may sell them."

It appears in proof that the four denominations of christians mentioned in the will, had each a church and house of worship in Taylorsville, the place of the deceased's residence and death, that he was a money lender or dealer in money, and possessed no lands and but little estate other than slaves, had money loaned out at interest and secured by notes, and had but little and rarely kept but little money on hand, but had many thousand dollars due him out at interest.

These facts appearing, we are satisfied that the churches of the town, of the residence of the deceased, were the churches intended by the bequest to each of them. And that the bequest is a charity which was properly enforced by the chancellor, subject however, to a ratable deduction, for any drawback upon his moneyed estate for usury exacted; and further that his *moneyed estate* embraced not only his money on hand at his death, but also all moneys due him by bond, note or otherwise, all of which was property decreed to his wife after the payment of the foregoing specific bequests.

The decree of the Circuit Court is, therefore, affirmed with costs.

*B. Hardin* for plaintiffs: *McHenry* for defendants.